MCGREGOR W. SCOTT
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | 2:18-MC-00026-TLN-AC |
|---|---|
| Plaintiff, | |
| v. | *AMENDED* CONSENT JUDGMENT OF FORFEITURE |
| APPROXIMATELY $66,996.00 IN U.S. CURRENCY, | |
| Defendant. | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On July 12, 2017, agents with the Drug Enforcement Administration ("DEA") contacted Acho at the Sacramento International Airport in Sacramento, California. Approximately $66,996.00 in U.S. Currency ("defendant currency") was seized from Samir Salem Acho ("Acho") during this encounter.

2. The DEA commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others. On or about December 4, 2017, DEA received a claim from Acho asserting an ownership interest in the defendant currency.

3. The United States represents that it could show at a forfeiture trial that on July 12, 2017, agents with the DEA received information regarding suspicious travel by Acho, including the timing and manner of his ticket purchase. Law enforcement agents responded to the terminal, observed Acho exit the flight, and made contact with him in the terminal. A law enforcement officer, displaying his badge,

1

*Amended* Consent Judgment of Forfeiture

approached Acho, identified himself as law enforcement, and asked for permission to speak with Acho. Acho agreed to speak with the agent. Acho told the agent that he was traveling from Texas and was planning to visit his sister in the Sacramento area for a few days. Agents asked Acho if he had any checked luggage and he told agents he had one checked bag and consented to a search of his checked luggage.

4. The United States represents that it could further show at a forfeiture trial that the agents located Acho's luggage in the outdoor baggage drop-off area and searched its contents pursuant to a consensual search. Agents found packages of unopened Ralph Lauren polo shirts, used clothing, and seven shoes (three pairs and a single shoe). Inside the shoes, law enforcement found socks and those socks that contained large amounts of bundled cash. In total, law enforcement found $66,996.00 inside the shoes/socks. Law enforcement asked Acho if he had packed the contents of his luggage and he gave no discernible response. When asked a second time, Acho told the law enforcement he had packed the luggage. Law enforcement asked how much money he was traveling with and Acho told them about $35,000 in cash. Law enforcement told Acho that the seized cash seemed to exceed his estimate—Acho said the luggage "maybe contained $36,000." Acho agreed to speak to law enforcement regarding the contents of the checked luggage.

5. The United States represents that it could further show at a forfeiture trial that Acho and thelLaw enforcement spoke regarding the cash found in the suitcase. Acho told law enforcement the cash was for the purchase a Chevrolet Chevelle he found on Craigslist. Acho told law enforcement the money was from his business working with bulldogs. Law enforcement also asked Acho for his criminal history. Acho said he had a DUI and a juvenile arrest for weed. Law enforcement concluded that Acho had additional arrests related to marijuana and money laundering.

6. The United States represents that it could further show at a forfeiture trial that the cash seized from Acho's luggage was presented to a dog trained to alert to the presence of narcotics odor. The drug dog positively alerted to the presence of the odor of narcotics on the cash seized from Acho's luggage.

7. The United States represents that it could further show at a forfeiture trial that the defendant currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

8. Without admitting the truth of the factual assertions contained in this stipulation, potential claimant Samir Salem Acho specifically denies the same, and for the purpose of reaching an amicable resolution and compromise of this matter, potential claimant Acho agrees that an adequate factual basis exists to support forfeiture of the defendant currency. Acho hereby acknowledges that he is the sole owner of the defendant currency, and that no other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant currency, potential claimant Acho shall hold harmless and indemnify the United States, as set forth below.

9. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

10. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant currency was seized.

11. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

1. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

2. Upon entry of the Consent Judgment of Forfeiture, $49,996.00 of the Approximately $66,996.00 in U.S. Currency, together with any interest that may have accrued on the total amount seized, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

3. Upon entry of the Consent Judgment of Forfeiture, but no later than 60 days thereafter, $17,000.00[1] of the Approximately $66,996.00 in U.S. Currency shall be returned to claimant Samir Salem Acho through his attorney Craig K. Ribbeck.

4. The United States of America and its servants, agents, and employees and all other

---

[1] The United States and Samir Salem Acho agreed to return $17,000.00 in U.S. Currency, not $15,000.00 as stated in the original Consent Judgment of Forfeiture. The United States will also file the correct Stipulation for Consent Judgment of Forfeiture.

3

*Amended* Consent Judgment of Forfeiture

public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant currency. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed. Potential claimant Acho waives the provisions of California Civil Code § 1542.

5. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

6. All parties will bear their own costs and attorney's fees.

7. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant currency.

IT IS SO ORDERED.

DATED: August 10, 2018

Troy L. Nunley
United States District Judge